HARRY WASSERMAN, Plaintiff, *v.* IRVING NATIONAL BANK, NEW YORK, Defendant.*

(Municipal Court of the City of New York, Borough of Manhattan, Second District, May, 1920.)

*Action — to recover money paid to secure remittance in Poland — damages for non-delivery to designated payee — judgment for plaintiff.*

ACTION to recover money paid for transmission by cable.

Buchler & Richman (Louis Richman, of counsel), for plaintiff.

Daniel E. Hanlon (Merton E. Lewis and Robert C. Morris, of counsel), for defendant.

BLAU, J. This action is brought to recover the sum of $120 paid by the plaintiff to the defendant for cable transmission to Poland in currency of that country, together with a small further sum representing charges similarly paid to defendant by plaintiff as part of the instant transaction.

The defendant, a national bank, had advertised in a foreign language paper that it sent money to Poland by post or cable " at the lowest prices;" and the advertisement carried the wording " perfect security and speed guaranteed."

Seeing this published announcement and in reliance thereon, the plaintiff went to the defendant institution.

---

* Reported by request.— [REPR.

and arranged to send the equivalent, in Polish exchange, of $120 to a designated payee in Poland. In addition to the regular cable charges for the transmission of this remittance, an additional charge of $5 was made to cover the cost of a reply cable.

Despite a conflict in the testimony it appears fairly established that the plaintiff was led to understand and believe by the teller at the bank with whom the dealing was had, that this additional item in line with the advertised announcement was the means for insuring and securing the speedy and secure delivery of his remittance abroad; and he was told that in case of the non-production of a receipt within a period of three weeks, showing the delivery of the money, the whole amount paid by him would be refunded.

The entire transaction as thus explained by plaintiff fits in with his story of this express representation. For if there was no discussion of a guaranty of delivery, or promise of a receipt within a specified time, no good reason appears why a reply cable should have been suggested or required or a charge therefor exacted. Similarly, the wording of the advertisement with its assurance of *perfect security* lends color to the plaintiff's story, as corroborated by the witness who accompanied him to the bank, of the promise to return his money in default of proof, in receipt form, of its delivery. It is not claimed that a receipt was procured; and no proof is offered or suggestion made that the money was ever delivered.

Nor is the defendant helped by attempting to impute want of knowledge of the character and purpose of its charges to the paying teller of its foreign department with whom this particular transaction was conducted. This official's testimony shows that in addition to the regular charge, the further payment was made by plaintiff " for the quick transmission of the cable [*i. e.*, the money] supposedly." Here again

we have an admission of a quick or expedited service based upon a payment in addition to the regular rates, thus lending corroborative weight to the plaintiff's story.

Against the right of plaintiff to a recovery, however, it is urged that judicial cognizance may be taken of supposed chaotic and unsettled conditions in Poland, whereby the plaintiff is prevented from offering proof of happenings there. Basis for this theory is sought to be furnished by the case of *Rosenblatt* v. *Josephson,* 172 N. Y. Supp. 719. This contention, however, cannot stand in view of the fact, of which judicial cognizance may equally be taken, that the internal conditions in the Polish republic do not permit, much less sanction, a finding of the state of anarchy referred to in the case just cited. As a matter of fact, the reverse is nearer the truth; for the internal conditions in that country have reached such a point of economic and political restoration to normal, that an apparently successful war is at the present time being waged by its army in the territory of a neighboring power. Furthermore, these conditions do not enter into the case, since plaintiff's right of recovery is placed on the definite agreement to refund his money upon failure, with a fixed time limit, to prove the actual transmission and receipt of the cable remittance.

On the measure of damage the case of *Strohmeyer & Arpe Co.* v. *Guaranty Trust Co.,* 172 App. Div. 16, is cited in the thought, apparently, that any recovery herein is limited, by the rule there laid down, to the present value of the foreign money which defendant was to transmit in exchange for plaintiff's payment of United States currency. That case, however, went expressly on the theory that *no failure to deliver* the money to its foreign destination was shown, but only a delay in making such delivery.

Here the claim of plaintiff is predicated upon a

promise or agreement of delivery with proper proof thereof, within a definite period, or in default thereof, a refund of the amount paid.

In the view which the court entertains of the testimony, such an agreement is held established by the proof; and there must, accordingly, be judgment for the plaintiff in the full amount paid by him to the defendant.

Judgment for plaintiff.